# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **EMMANUAL DHAKER,** | ) | **CASE NO. 1:25 CV 1866** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| **vs.** | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| **CLEVELAND CLINIC,** | ) | **AND ORDER** |
| | ) | |
| **Defendant.** | ) | |

This is the sixth case filed in this court by *pro se* Plaintiff Emmanual Dhaker. *See Dhaker v. Platinum Holdings*, No. 1:23-cv-01777-BMB (N.D. Ohio July 2, 2024)(claiming that he owns the apartment building from which he was evicted); *Dhaker v. CTS, GCRTA, GCRTA Police,* No. 1:24-cv-00742-CEF (N.D. Ohio July 15, 2024)(claiming he owns a Greater Cleveland Rapid Transit station); *Dhaker v. Greater Cleveland Regional Transit Authority Police* , No. 1:24-cv-01556-JPC (N.D. Ohio Nov. 22, 2024)(claiming he owns the Southgate rapid transit depot); *Dhaker v. Greater Cleveland Regional Transit Authority*, No. 1:24-cv-02030-DCN (N.D. Ohio Feb. 12, 2025)(claiming he owns the Southgate rapid transit depot); *Dhaker v. Maple Hts*., 1:25-cv-01766-DCN (N.D. Ohio Nov. 17, 2025)(delusional complaint contending that he owns the rapid transit depot, and that he inherited a position as a United States Marshal).

In this case, he contends that the Cleveland Clinic has labeled him as bipolar and

psychotic.  He contends that this is an incorrect diagnosis that may cost him his life.  He indicates that he has died several times and has been brought back to life.  He states that he has called the World Health Organization and the World Psychiatric Association but the Cleveland Clinic has refused to correct his file.  He fears this could damages his global reputation, stating that he is the last remaining member of the Freudian Institute of Psychoanalysis and has global professorships.  He claims also to be a member of the World Health Organization, a neurosurgeon, a psychiatrist, and a United States Marshal "Blood Badge One."  (Doc. No. 1-1 at PageID #: 10).  He states he was the Director General of the World Health Organization from 1996-2010, but was only able to serve two years in person as he was "swiped into an atom by commandeers and past [sic] away in the atom."  (Doc. No. 1-1 at PageID #: 10).  He states he is licensed to practice in every area of medical expertise and specialization and published an article on "The Universal Life Theory." (Doc. No. 1-1 at PageID #: 11).  He asserts a claim for "misdiagnosis" and seeks "400 billion dollars per year plus 50 billion dollars more per year to correct damages to professional honor and reputation."  (Doc. No. 1 at PageID #: 4).

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are

-2-

clearly baseless.  *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).  A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).  The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true.  *Bell Atl. Corp.*, 550 U.S. at 555.  The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard.  *Id.*

In reviewing a Complaint, the Court generally must construe the pleading in the light most favorable to the Plaintiff.  *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).  The Court, however, is given discretion to refuse to accept without question the truth of Plaintiff's allegations when they are "clearly baseless," a term encompassing claims that may be fairly described as fanciful, fantastic, delusional, wholly incredible, or irrational.  *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).  The case at bar undoubtedly presents just such a Complaint.  It does not contain a coherent statement of fact, a decipherable legal claim, nor a realistic request for relief.

Furthermore, Plaintiff filed an Application to Proceed *In Forma Pauperis* (Doc. No. 2).  He utilized the wrong form for this Application, and did not make an attempt to fill out the form

-3-

with complete and accurate information.  Given the nature of his Complaint, this Court is not convinced that ordering him to file an amended Application would remedy these deficiencies. In the Application to Proceed *In Forma Pauperis* he filed in Case No. 1:25-cv-01766 just one month before he filed this case, he stated to the Court that in his most recent employment, he "raised bulls" in Sicily from 1936-1946, and is over 130 years old.  *Dhaker v. Maple Hts*., 1:25-cv-01766-DCN (N.D. Ohio Nov. 17, 2025)(Doc. No. 2, PageID #: 17, 19).  The Court will therefore grant his Application to Proceed *In Forma Pauperis* (Doc. No. 2), and dismiss his Complaint.

However, the Court cannot allow Plaintiff to continue to use the Court's resources at tax payer expense to file frivolous cases, even if he does not view his cases as frivolous.  The filing of frivolous lawsuits and motions strains an already burdened federal judiciary.  "Every paper filed with the Clerk of ... Court, no matter how repetitious or frivolous, requires some portion of the [Court's] limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice."  *In re McDonald*, 489 U.S. 180, 184 (1989).  Our ability to perform our duties is compromised when we are forced to devote limited resources to the processing of repetitious and frivolous filings.  *In re Sindram*, 498 U.S. 177, 179-80 (1991).  Plaintiff therefore is enjoined from filing any future action in this Court without first seeking and obtaining leave of Court to file the action.  Any Motion for Leave to File must contain the proposed pleading he wises to file.  If the proposed pleading is based on delusional ideation, the Motion for Leave will be denied.  Any pleading submitted without a Motion for Leave to File will be returned, unfiled, to the Plaintiff.

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. No. 2) is granted.  This action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]  In addition, Plaintiff is enjoined from filing new actions without first seeking and obtaining Leave of Court.

**IT IS SO ORDERED**.

12/3/2025

**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**

---

[1]    28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.

-5-